UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HEATHER L. TURNER,

    Plaintiff,

v.                                          Case No. 1:21-cv-1055

                                                  Hon. Robert J. Jonker

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security (Commissioner) which denied her claim for disability insurance benefits (DIB) and supplement security income (SSI).

Plaintiff filed applications for benefits on September 23, 2019, which alleged that she became disabled on that date. PageID.130. Plaintiff identified her disabling conditions as mental health problems, back problems, obesity, diabetes, and asthma. PageID.502. Plaintiff completed two years of college and had past relevant employment as a certified nurse aide (CNA), a psychiatric aide/technician, and a home attendant. PageID.142, 503. An administrative law judge (ALJ) reviewed plaintiff's claim *de novo* and entered a written decision denying benefits on February 2, 2021. PageID.130-144. This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

I.      **LEGAL STANDARD**

"The federal courts review the Commissioner's factual findings for substantial evidence and give fresh review to its legal interpretations." *Taskila v. Commissioner of Social Security*, 819 F.3d 902, 903 (6th Cir. 2016). This Court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. § 405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "[T]he threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, -- U.S. --, 139 S. Ct. 1148, 1154 (2019). "Substantial evidence, this Court has said, is more than a mere scintilla. It means — and means only — such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (internal quotation marks and citations omitted).

A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health and Human Services*, 925 F.2d 146 (6th Cir. 1990). The scope of this review is limited to an examination of the record only. This Court does not review the evidence de novo, make credibility determinations, or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). "If the [Commissioner's] decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion." *Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 286 (6th Cir. 1994).

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §§ 404.1505 and 416.905; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

"The federal court's standard of review for SSI cases mirrors the standard applied in social security disability cases." *D'Angelo v. Commissioner of Social Security*, 475 F. Supp. 2d 716, 719 (W.D. Mich. 2007). "The proper inquiry in an application for SSI benefits is whether the plaintiff was disabled on or after her application date." *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993).

## II. ALJ's DECISION

At the first step, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date of September 23, 2019, and meets the insured status requirements of the Social Security Act through December 31, 2024. PageID.132.[1] At the second step, the ALJ found that plaintiff has severe impairments of: bipolar disorder; generalized anxiety disorder; post-traumatic stress disorder ("PTSD"); diabetes; obesity; asthma; and status post right quadriceps tendon repair. PageID.133. At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. PageID.133.

The ALJ decided at the fourth step that:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except the claimant can never climb ladders, ropes, or scaffolds; and she can perform other postural movements occasionally. Moreover, the claimant requires work that is limited to simple, routine tasks performed in a work environment free of fast-paced requirements and involving only simple, work-related decision and routine workplace changes. The claimant can tolerate no more than incidental contact with the public and only occasional interaction with co-workers and supervisors. She must avoid concentrated exposure to atmospheric conditions such as fumes, noxious odors, dusts, mists, gases, and poor ventilation.

---

[1] Plaintiff has worked since the alleged disability onset date. However, the ALJ found that "these wages did not rise to the presumptive substantial gainful activity level." PageID.132-133.

PageID.136.  The ALJ also found that plaintiff was unable to perform any past relevant work.  PageID.142.

At the fifth step, the ALJ found that plaintiff could perform a significant number of unskilled jobs at the sedentary exertional level in the national economy.  PageID.143-144.  Specifically, the ALJ found that plaintiff could perform the requirements of final assembly (75,000 jobs), laminator (60,000 jobs), and inspector (75,000 jobs).  *Id*.  Accordingly, the ALJ determined that plaintiff has not been under a disability, as defined in the Social Security Act, from September 23, 2019 (the alleged onset date) through February 2, 2021 (the date of the decision).  PageID.143-144.

### III. DISCUSSION

Plaintiff set forth one omnibus issue on appeal:

**The Commissioner erroneously failed to give appropriate weight to the opinions of the medical experts, violated agency rules, failed in her duties to provide a fair and full hearing and misapplied the law.**[2]

Plaintiff does not develop arguments that the Commissioner: violated agency rules; failed to provide her a fair and full hearing; or misapplied the law.  Plaintiff disagrees with the ALJ's decision because the decision did not fully accept all of the mental limitations identified by Robert Gunnell, M.D., and Nicole Zimmerman, LMSW. However, plaintiff does not address the regulatory scheme for evaluating medical opinions or how the ALJ's decision is deficient.  In this regard, plaintiff cites no rules, regulations, or caselaw.  Plaintiff's brief (ECF No. 10, PageID.1481-1488) consists of a medical opinion from Robert Gunnell, M.D. and Nicole, LMSW dated October

---

[2] Plaintiff did not comply with the Court's direction that the initial brief "must contain a Statement of Errors, setting forth in a separately numbered section, each specific error of fact or law upon which Plaintiff seeks reversal or remand."  *See* Notice (ECF No. 7).

9, 2020 (PageID.1376-1381); portions of seven clinical observations made by Dr. Zimmerman Gunnell and "various counselors" from May, July, September, October, and November, 2020; and "supportive statements" from Dr. Gunnell and Ms. Zimmrman dated December 16, 2020, in which they re-adopt the October 9, 2020 opinion (PageID.1469-1470).[3]

> Plaintiff's arguments are conclusory and unsupported by citations to the record:
>
> The Commissioner erred in failing to give appropriate weight to the opinions of treating sources. She also erred in discounting the Claimant's credibility.
>
> No medical records contradict the opinions of Robert Gunnell, M.D. and Nicole Zimmerman, LMSW. Historically, the record will reflect that the Claimant has continually required mental health treatment including inpatient admissions at Mercy Health Muskegon, Forest View Psychiatric Hospital, among others. The record as a whole supports the complaints and limitations documented in Dr. Gunnell and Nicole Zimmerman's Mental Medical Source Statement. The Commissioner cites no evidence to contradict the opinions of the treating physician and counselor, which should be given controlling weight in this case. Additionally, there is no report indicating that the Claimant was evaluated by a DDS medical examiner. In the absence of any contradicting medical opinion, the Commissioner failed by not applying greater weight to the opinions of Claimant's treaters, as Robert Gunnell, M.D. and Nicole Zimmerman, LMSW would have been in the best position to opine regarding Claimant's medical diagnoses, prognosis and resulting disability.

PageID.1488-1489.

As an initial matter, plaintiff's arguments that the opinions of Dr. Gunnell and counselor Ms. Zimmerman "should be given controlling weight in this case" are without merit. These arguments are based on the treating physician rule, which does not apply to this case. *See* 20 C.F.R. §§ 404.1520c(a); 416.920c(a). Next, a claimant's disagreement with the ALJ's decision "does not mean that the decision is unsupported by substantial evidence." *Justice v. Commissioner of Social Security Administration*, 515 Fed. Appx. 583, 588 (6th Cir. 2013). The ALJ's decision

---

[3] The Court notes that plaintiff incorrectly cited the administrative transcript page numbers as the Court's "PageID." numbers. The Court reminds counsel to double check these citations.

6

"must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion." *Cutlip*, 25 F.3d at 286. Here, the ALJ's decision is supported by substantial evidence.

For claims such as this, filed on or after March 27, 2017, the regulations provide that the Social Security Administration (SSA) "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)." 20 C.F.R. §§ 404.1520c(a); 416.920c(a). In these claims, the SSA "will articulate in our determination or decision how persuasive we find all of the medical opinions and all of the prior administrative medical findings in [the claimant's] record." 20 C.F.R. §§ 404.1520c(b); 416.920c(b). In addressing medical opinions and prior administrative medical findings, the ALJ will consider the following factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors. *See* 20 C.F.R. §§ 404.1520c(c)(1)-(5); 416.920c(1)-(5).

The most important factors which the ALJ considers in evaluating medical opinions are "supportability" and "consistency":

> Therefore, we will explain how we considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in your determination or decision. We may, but are not required to, explain how we considered the factors in paragraphs (c)(3) through (c)(5) of this section, as appropriate, when we articulate how we consider medical opinions and prior administrative medical findings in your case record.

20 C.F.R. §§ 404.1520c(b)(2); 416.920c(b)(2).[4] If the ALJ finds that two or more medical opinions "are both equally well-supported and consistent with the record but are not exactly the same," the

---

[4] The regulations explain "supportability" as follows: "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. §§ 404.1520c(c)(1); 416.920c(c)(1). The regulations explain "consistency" as follows: "The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical

7

ALJ must articulate what factors were most persuasive in differentiating the opinions. 20 C.F.R. §§ 404.1520c(b)(3); 416.920c(b)(3) (internal citations omitted).

In addition, the new regulations recognize that "[b]ecause many claims have voluminous case records containing many types of evidence from different sources, it is not administratively feasible for us to articulate in each determination or decision how we considered all of the factors for all of the medical opinions and prior administrative medical findings in your case record." 20 C.F.R. §§ 404.1520c(b)(1); 416.920c(b)(1). Thus, "when a medical source provides multiple medical opinion(s) or prior administrative medical finding(s), we will articulate how we considered the medical opinions or prior administrative medical findings from that medical source together in a single analysis using the factors listed in paragraphs (c)(1) through (c)(5) of this section, as appropriate." *Id*. "We are not required to articulate how we considered each medical opinion or prior administrative medical finding from one medical source individually. *Id*.

In addressing plaintiff's claim, the ALJ found that she has a history of bipolar disorder, generalized anxiety disorder, and PTSD. PageID.139. In June 2017, two years prior to the alleged disability onset date, plaintiff had a voluntary six-day inpatient hospitalization at Forest View Hospital for suicidal ideations, manic symptoms and the need for medication adjustments. *Id*. After that date, plaintiff received therapy services at Pine Rest for diagnoses of bipolar and anxiety disorders, where her medical status exams were generally mild or unremarkable. *Id*. The ALJ followed plaintiff's medical history as follows:

> In September 2019, the claimant underwent an impatient [sic] psychiatric hospitalization for suicidal ideations (Ex. 2F). On exam, the claimant appeared anxious and depressed, but she did not appear to be acutely psychotic. She was calm and cooperative although intermittently, with conversation, emotionally labile

---

sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. §§ 404.1520c(c)(2); 416.920c(c)(2).

8

(Ex. 2F/15). Notably, noncompliance with medication regimen was noted as a contributing source of her symptoms (Ex. 2F/16).

More recently, the claimant has undergone individual therapy/case management with Nicole Zimmerman through Newaygo County Mental Health (Ex. 11F; 17F). She has also received medication therapy with Robert Gunnell, MD for PTSD, bipolar disorder and anxiety disorder diagnoses (Ex. 11F/31). During a July 2020 appointment, the claimant reported improvement in her mood and concentration since resuming Adderall, and Dr. Gunnell noted the claimant's attention disorder had significantly improved (Ex. 11F/26).

PageID.139-140.

The ALJ evaluated two sets of opinions regarding plaintiff's mental health: the opinions of the state agency consultants, and the opinions of Dr. Gunnell and Ms. Zimmerman. The ALJ found that plaintiff was more limited than the state agency consultants opined, but less limited than Dr. Gunnell and Ms. Zimmerman opined:

State agency consultants Joe DeLoach, PhD and Barbara Jones Smith, PhD opined the claimant had no limitation in understanding / remembering / applying information and adapting / managing oneself; and moderate limitations in interacting with others and concentrating / persisting / maintaining pace (Ex. 1A/6; 2A/6; 5A/11; 6A/11). These opinions are unpersuasive because they are not entirely supported by the exam findings in the record, nor are they consistent with the opinions of the claimant's treatment providers (set forth below). Instead, the claimant's longitudinal treatment history and her allegations set forth in a function report suggest that the claimant has a moderate limitation with understanding and memory. For instance, the claimant alleged she was fine with following written and spoken instructions, but sometimes had problems understanding them (Ex. 6E/8). In a third party function report, the claimant's mother reported the claimant sometimes needed verbal reminders and encouragement/help (Ex. 7E/7). Therefore, the undersigned found the claimant was more limited in that regard.

Treatment providers Nicole Zimmerman, LMSW and Robert Gunnell, MD opined the claimant had limitations in the mental abilities / aptitudes needed to do unskilled work, ranging from unlimited (remembering work-like procedures and asking simple questions / requesting assistance) to unable to meet competitive standards (for tasks including, but not limited to, maintaining attention for two hour segment, maintaining regular attendance / being punctual, and performing at a consistent pace without an unreasonable number / length of rest period). Further, they opined the claimant was serious limited to unable to meet competitive standards as it relates to the mental abilities and aptitudes needed to semi-skilled / skilled work. Moreover, they opined the claimant was unlimited in maintaining

> socially appropriate behavior; limited by satisfactory in interacting appropriately with the general public; and seriously limited in adhering to basic standards of nearness and cleanliness, and traveling to unfamiliar places. They also opined the claimant would be expected to miss two days of work a month because of her impairments / symptoms and treatment (Ex. 14F; 19F; 20F). These opinions are unpersuasive because these opinions are not supported by the exam findings in the record, which were often mild or unremarkable. Further, they are not consistent with the claimant's allegations set forth in a function [sic], nor the allegations of the claimant's mother, where they reported the claimant had some significant limitations but she was able to do many of her activities of daily living on a regular and ongoing basis. Further, these opinions are not consistent with the claimant's work history throughout the relevant period, which appears to be mostly limited due to physical symptoms.

PageID.141-142.

The ALJ found inconsistencies in plaintiff's statements which "suggest that the information provided by the claimant generally may not be entirely reliable." PageID.140. In this regard, the ALJ stated:

> For example, the claimant has described daily activities that are not limited to the extent one would expect given her allegations of disabling symptoms. These activities include performing personal care activities independently, preparing simple meals, performing simple household chores, taking care of her dog, shopping for groceries and household items, and driving (Ex. 6E; 7E). During therapy, the claimant discussed she spent a lot of time reading (Ex. 17F/26).

PageID.140.  The ALJ also noted that in December 2019 (two months after plaintiff's alleged disability date), plaintiff reported working full-time as a CNA "which required quite a bit of bending, twisting, and lifting". *Id*.

In addition, the ALJ found that "[t]he evidence raises other questions about [plaintiff's] allegations." *Id*. Specifically, plaintiff "has not generally received the type of medical treatment one would expect for a totally disabled individual" and "the record reveals relatively infrequent medical appointments for the allegedly disabling symptoms, and significant gaps in [plaintiff's] history of treatment." *Id*.

> Further, the claimant smokes cigarette on a daily and ongoing basis, which has contributed to her asthmatic related symptoms. She has been advised by her doctors to cease smoking, but she has not followed her doctors' recommendations in this regard (Ex. 4F/84; 16F/24).

*Id*. Because of these inconsistencies, the ALJ found that "claimant's statements concerning the intensity, persistence, and limiting effects of her alleged symptoms are not fully supported by the record (See SSR 16-3p)." *Id*.

The ALJ concluded:

> Overall, the undersigned finds it consistent with the record that the claimant has been subject to a degree of pain and functional limitations, and the residual functional capacity was reduced to accommodate these limitations. For instance, due to the claimant's alleged pain and malaise associated with her obesity, diabetes, and status post right quadriceps tendon repair, and in conjunction with her alleged mid/low back pain, the claimant has been limited to a reduced range of sedentary exertional level work, with no climbing of ladders/ropes/scaffolds and occasional performance of other postural activities. Further, given the claimant's asthma impairments, the undersigned reduced the claimant to sedentary exertional level work, with no concentrated exposure to concentrated exposure to atmospheric conditions such as fumes, noxious odors, dusts, mists, gases, and poor ventilation. Moreover, based upon the claimant's mental impairments and related allegations and symptoms, the undersigned determined the claimant has a moderate limitation in understanding / remembering / applying information, and accordingly, the claimant has been limited to simple, routine tasks performed in a work environment free of fast-paced requirements and involving only simple, work-related decision and routine workplace changes. Further, based upon the claimant's alleged limitations with social interaction, the claimant has been limited to no more than incidental contact with the public and only occasional interaction with co-workers and supervisors. Finally, based upon the claimant's alleged limitations with concentration and sustaining pace, the claimant has been limited to simple, routine tasks performed in a work environment free of fast-paced requirements and involving only simple, work-related decision and routine workplace changes[.]

PageID.141-142.

The ALJ's decision is supported by substantial evidence and decided under the correct legal standard. In finding that plaintiff was not disabled, the ALJ recognized that she had both physical and mental limitations which affected her ability to perform work related activities and included significant restrictions in her residual functional capacity. Despite these limitations,

and plaintiff's inability to perform her past relevant work, the ALJ determined that plaintiff could perform other work that exists in significant numbers in the national economy. Accordingly, the ALJ's decision should be affirmed.

## IV. RECOMMENDATION

For the reasons discussed, I respectfully recommend that the Commissioner's decision be **AFFIRMED**.

Dated: December 27, 2022                             /s/ Ray Kent
                                                     RAY KENT
                                                     United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).